AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Dec 27, 2021**

SEAN F. McAVOY, CLERK

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| DANIEL J. ANDERSON | ) Case No. 4:21-mj-07257-MKD-1 |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL
### ECF No. 5
### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ (e) any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
    **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

  **OR**

  ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☒ Weight of evidence against the defendant is strong
  ☐ Subject to lengthy period of incarceration if convicted
  ☐ Prior criminal history
  ☐ Participation in criminal activity while on probation, parole, or supervision
  ☐ History of violence or use of weapons
  ☐ History of alcohol or substance abuse
  ☒ Lack of stable employment
  ☐ Lack of stable residence
  ☐ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See addendum.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 12/27/2021                                    s/Mary K. Dimke
                                                    United States District Judge

*United States v. Daniel J. Anderson,* 4:21-mj-07257-MKD-1

  Defendant is charged in the Criminal Complaint with conspiracy to make or possess an unregistered firearm or destructive device in violation 18 U.S.C. § 371. This offense does not carry a mandatory minimum sentence, however, the Court notes the very serious nature of the allegations. According to the Affidavit in support of the Criminal Complaint, ECF No. 1, Defendant is a member of the Verified Bois, an anti-government/anti-authority extremist group whose members advocate violence. It is alleged that a confidential source (CS) reported to law enforcement that the Defendant had illegally modified an AR-style pistol by attaching a collapsible shoulder stock. Defendant is alleged to have discussed with members of the group how to steal explosive materials and precursors from another member's employer, as well as how to bypass security at a local business that sells firearms and ammunition. Defendant also allegedly posted a comment that he was seeking to acquire flash powder and fireworks. It is alleged that in recorded conversations with the CS, Defendant discussed how he had begun constructing homemade explosive devices which he planned to use as a "booby trap." The Defendant also expressed a desire to construct handheld explosive device and flashbang grenades that could be used against law enforcement. Defendant discussed testing the explosive devices he had constructed. In a recorded meeting, Defendant received fireworks procured by another member of the group. In a recorded meeting between the CS and Defendant at his residence, Defendant showed a device he had constructed using a glass jar, pellets and fuse, with a design aimed to force an outward explosion. A bomb technician reviewed the recording of the meeting and opined that the device, if properly assembled, was capable of causing property damage or death. During another recorded meeting, the CS reported Defendant as having been given a shotgun that he planned to modify to create a short-barreled shotgun. During execution of a search warrant at Defendant's residence, an improvised explosive device was located. Defendant made statements indicating he had developed an improvised explosive device using the fireworks he obtained.

  In addition, at the detention hearing, the United States proffered that the device was located under a couch in Defendant's home that he shares with his wife and young children. The United States also proffered statements Defendant allegedly made online, including the desire to "get back to burning cities and shit" and expressing knowledge of chemical components and mixtures.

  The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. The United States has proffered that it has obtained numerous audio and video recordings of meetings with Defendant, as well as online posts made by Defendant, and that Defendant made statements at the time of execution of the search warrant.

As to his history and characteristics, Defendant is 26 years old, married, and has two young children. He has resided in the Tri Cities area since he was 10 years old and his parents reside in Pasco, Washington. He is not employed and is a caretaker of his children. Defendant suffers from untreated anxiety and major depression.

Defendant has no criminal history.

The Court has concerns in this case related to the serious nature of the allegations and Defendant's untreated mental health-related issues, which pose a danger to the community, especially law enforcement. Defendant's conduct and statements made during the course of the investigation are consistent with an alleged scheme designed to cause serious harm and thwart law enforcement efforts. Based on the foregoing and the record currently before the Court, the Court finds by clear and convincing evidence that, if released, Defendant poses a danger to the community that cannot be overcome by any condition or combination of conditions.